IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| MARCUS CHOICE WILLIAMS, aka AYANA SATYAGRAHI, <br><br>  Plaintiff; <br><br> v. <br><br> M.K. LEWIS, et al., <br><br>  Defendants. | Case No. 1:19-cv-00042-MAC-ZH |

MOTION TO RECONSIDER
DENIAL OF PLAINTIFF'S MOTION TO APPOINT COUNSEL (DOC. 15)

COMES NOW the Plaintiff, Marcus Choice Williams, aka Ayana Satyagrahi, pro se, in the above-entitled case, pursuant to Local Rule CV-7(a)(4), and moves this honorable court to, in the interest of justice and judicial economy, reconsider the Plaintiff's Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1) and in support of this motion, the Plaintiff offers the following statements of fact and accompanying memorandum of law:

1. Plaintiff is an inmate currently incarcerated at the United States Penitentiary in Marion, Illinois, and was previously assigned to the FCI in Beaumont, Texas (see Attachment A, Letter of Incarceration).

2. The Plaintiff has filed a civil action pursuant to 28 U.S.C. § 1331 in the United States District Court for the Eastern District of Texas, Beaumont Division, against various defendants employed by the Bureau of Prisons (Doc. 1).

3. The Plaintiff is indigent and has been allowed to proceed in forma pauperis (Doc. 14).

4. The Plaintiff has attempted to obtain pro bono counsel through multiple letters of correspondence requesting counsel, but as of this date has received consistent denials for assistance (see Attachment B, Attorney letters and

Affidavit under 28 U.S.C. § 1746).

5. The Plaintiff has had the assistance of a "jailhouse lawyer" for purposes of this motion but it is dubious that the assistance will continue as this inmate is scheduled for release in December 2019 (see Attachment C, Affidavit of Bryan Tomey).

6. The Plaintiff has been diagnosed by the Bureau of Prisons with Gender Disphoria since at least 9/16/2015 (see Attachment D, DSM V Definitions, p. 452, 453, 454).

7. The Plaintiff has been transitioning since before being incarcerated in the Bureau of Prisons (see Attachment E, S. Snyder clinical dated 10/16/17; Attachment F, Medical Management for Transitioning Inmates, BOP 2016 p. 3; Attachment G, Keohane v. Jones, 328 F.Supp. 3d 1288, 1295 (N.D. Fla. Aug. 22, 2018).

8. The Plaintiff's treatment for her gender dysphoria includes her changes in gender expression and role. This includes, but is not limited to, the use of female pronouns when referring to the Plaintiff, female clothing, and hormones (see Attachment H, misc. documents/clinicals).

   a. The Plaintiff filed a motion to proceed in this case under her gender-affirming name and pronouns (Doc. 25) on 5/1/19.

   b. As of the date of this filing, the Plaintiff has not been informed of the court's ruling on that matter.

   c. Both the court, as well as the defendant's attorney have continued to use male pronouns when referring to her (see Attachment I, Doc. 4).

   d. One of the counts alleged in this case by the Plaintiff includes verbal harassment (Doc. 1, ¶¶ 123, 132) revolving around Bureau of Prisons employees' failure to appropriately use female pronouns when referring to her (see Attachment J, Trans. Off. Manual p. 9, 9-10; Attachment K, 28 C.F.R.

§ 115.31(a)(9)).

e. The use of male pronouns when referring to the Plaintiff exacerbates her discomfort and incongruity between her expressed gender and her primary and/or sex characteristic (see Attachment H, and P, medical & clinical records).

f. The use of male pronouns when referring to the Plaintiff causes her clinically significant distress, thereby impairing her ability to function in a meaningful way. Specifically, her ability to litigate her cause in front of a court that refuses to acknowledge her need to be referred to by female pronouns is especially difficult and will only result in further mental health deterioration (see Attachment L, WPath St. of Care, at 172, 184, 206-7).

9. This court previously denied (Doc. 15) the Plaintiff's Motion to Appoint Counsel (Doc. 3) stating, "[t]he questions of fact are rather routine as far as prisoner litigation goes and the applicable law is well-settled."

a. The court failed to consider the particularly complex legal issues and medical evidence presented by this case, which, coupled with the Plaintiff's lack of legal education, limited resources to investigate, and evidence consisting in large part by conflicting testimony give rise to exceptional circumstances sufficient to warrant a request of counsel by the court for the Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).

b. Gender Dysphoria in a correctional setting is an important and rapidly evolving area of the law, both for the lawyer and the courts, and is inadequately presented in the Plaintiff's current briefing. Plaintiff's current pleading was handwritten by the Plaintiff while in the Secure Housing Unit at Beaumont Low and a second Motion to Amend will likely follow subsequent to this motion.

c. Applicable law is anything but "well-settled", as evidenced by the changes in transgender case law, Bureau of Prisons policy statements, and state departments of corrections policy changes in adapting to the continually-

evolving changes in the law as it concerns transgender inmates in correctional settings (see Attachment M, BOP Trans. Off. Manual 2017; Attachment N, BOP Trans. Off. Manual 2018; Attachment O, Memorandum of Law).

    d. The court must evaluate competency to the litigant and her claim, as well as recognizing where counsel could strengthen the presentation of her case -- especially where, as here, there is a "swearing contest" of prisoners' word against those of officers; <u>Ulmer v. Chancellor</u>, 691 F.2d 209, 213 (5th Cir. 1982).

    e. At no point in the magistrate's order denying appointment of counsel (Doc. 15) did he evaluate the Plaintiff's competency to litigate her case, nor did he point to any specific facts in the record indicating how his decision was made.

    10. The Plaintiff believes that it is appropriate for the court to recognize her as a member of a suspect class (see <u>Lying v. Castillo</u>, 477 U.S. 635, 638 (1986); <u>Brown v. Gilliard</u>, 483 U.S. 587, 602 (1987); <u>Doe #1 v. Trump</u>, 275 F.Supp. 3d 167, 208-10 (D.D.C. 2017); <u>Stone v. Trump</u>, 280 F.Supp. 3d 747, 768 (D. Md. 2017); <u>Adkins v. City of New York</u>, 143 F.Supp. 3d 134, 139-40 (S.D.N.Y. 2015)), and is therefore proper to apply heightened scrutiny when evaluating her motion; <u>United States v. Carolene Prods. Co.</u>, 304 U.S. 144, 152, n.4 (1938).

WHEREFORE, the Plaintiff respectfully moves this honorable court to grant her motion to reconsider the denial of the Plaintiff's Motion to Appoint Counsel (Doc. 3) consistent with this motion's updated record of attachments.

                                        Respectfully Submitted,

Dated: *October 15, 2019*                        *ayana satyagrahi*
                                                  Marcus Choice Williams, pro se
                                                  aka Ayana Satyagrahi

Register No. 43636-279
c/o United States Penitentiary, Marion
P.O. Box 1000
Marion, Illinois 62959-7500

## CERTIFICATE OF SERVICE

I, Marcus Choice Williams, aka Ayana Satyagrahi, hereby certify that I mailed one copy of the foregoing document from the United States Penitentiary in Marion through institution legal mail procedure, sent via first class prepaid USPS mail, on the following date, to the United States District Court for the Eastern District of Texas.

cc: p/file
Andrea Parker, US Attorney

## DECLARATION

I, Marcus Choice Williams, aka Ayana Satyagrahi, hereby declare that the foregoing statements are true, correct, and complete, to the best of my knowledge and recollection, submitted under the penalty of perjury pursuant to 28 U.S.C. § 1746.

Dated: _October 15, 2019_

_Ayana Satyagrahi_
Marcus Choice Williams, pro se
aka Ayana Satyagrahi
Register No. 43636-279
c/o United States Penitentiary, Marion
P.O. Box 1000
Marion, Illinois 62959-7500